**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BARBARA BUSTOS-ABRAMSON** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **C.A. No. _____** |
| | § | |
| **DESIGNER BRANDS INC., DSW INC., and** | § | |
| **DSW SHOE WAREHOUSE, INC.** | § | |
| | § | |
| *Defendants* | § | |

---

**STATE COURT PLEADING INDEX**

---

1. Plaintiffs' Original Petition

2. Request for Process

3. Return of Service – Designer Brands, Inc.

4. Return of Service – DSW Shoe Warehouse, Inc.

5. Original Answer of Designer Brands, Inc. & DSW Shoe Warehouse, Inc.

┌─────────────┐
│ **EXHIBIT A** │
└─────────────┘

**EXHIBIT A TO NOTICE OF REMOVAL**                                                          **PAGE 1**

FILED
7/1/2022 3:44 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 166th District Court

Case 5:22-cv-00980-FB   Document 1-1   Filed 09/08/22   Page 2 of 34

CAUSE NO. <u>2022CI12419</u>

| | | |
|---|---|---|
| **BARBARA BUSTOS-ABRAMSON** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | _____**JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **DESIGNER BRANDS INC., DSW INC., AND** | § | |
| **DSW SHOE WAREHOUSE, INC.** | § | |
| *Defendants.* | § | **BEXAR COUNTY TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Barbara Bustos-Abramson (herein referred to as "Plaintiff") brings this lawsuit against Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc., (herein collectively referred to as "Defendants"), and would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      Discovery shall be conducted under a Discovery Control Plan (Level 3) pursuant to Texas Rules of Civil Procedure Rule 190.4.

## II.
## PARTIES

2.      Plaintiff Barbara Bustos-Abramson is a resident of San Antonio, Bexar County, Texas.  In accordance with Section 30.014 of the Texas Civil Practices & Remedies Code, the last three numbers of Plaintiff Barbara Bustos-Abramson's driver's license number are 962 and the last three numbers of her social security number are 256.

3.      Defendant Designer Brands Inc. is a Foreign-for-Profit Corporation organized and duly formed and existing under the laws of the State of Ohio that conducts substantial business in the State of Texas and throughout the United States.  Upon information and belief, Defendant

Copy from re:SearchTX

EXHIBIT 1

Designer Brands Inc. owns, maintains, controls, possesses, and operates 47 stores in the State of Texas, including 4 in Bexar County, Texas.  Upon information and belief, Defendant Designer Brands Inc. owns, maintains, controls, possesses, and operates more than 500 stores across the United States. Defendant Designer Brands Inc. conducts substantial business in the State of Texas and Defendant Designer Brands Inc.'s business in the State of Texas gave rise to the incident made the basis of this lawsuit.  Defendant Designer Brands Inc. entered into contracts and/or agreements with Texas residents, employed and continues to employ Texas residents, and Defendant Designer Brands Inc. through its agents, servants, or employees committed torts in the State of Texas.  Defendant Designer Brands Inc. recruited and continues to recruit Texas residents for employment inside and outside the State of Texas.  Defendant Designer Brands Inc. advertises in Texas, employs individuals that live and/or reside in Texas, conducts substantial business in the State of Texas, and has continuous and systematic contacts in the State of Texas. The Secretary of State is the agent for service on Defendant Designer Brands Inc.; Defendant Designer Brands Inc. engages in business in Texas; Defendant Designer Brands Inc. does not have a designated agent for services of process in the State of Texas; and this lawsuit arises from Defendant Designer Brands Inc.'s business and contacts in the State of Texas.  This Defendant is a non-resident corporation of the State of Texas and, pursuant to Texas Civil Practices and Remedies Code 17.044, may be cited to appear by serving the citation and a copy of this petition on its agent for services of process, **Texas Secretary of State, at James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701** by private process.  Immediately after being served, the Texas Secretary of State, by properly addressed letter and/or hand-delivery, shall mail, via by certified mail return receipt requested, to the non-resident (1) a copy of the process and (2) notice that the process has been served on the Texas Secretary of State. The notice and a

---

Plaintiff's Original Petition

EXHIBIT 1

Copy from re:SearchTX

copy of the process must be sent to Defendant Designer Brands Inc. c/o its registered agent for service of process: Corporation Service Company 3366 Riverside Drive, Suite 103 Upper Arlington, Ohio 43221 by certified mail return receipt requested.

4.      Defendant DSW Inc. is a Foreign-for-Profit corporation organized and duly formed and existing under the laws of the State of Ohio that conducts substantial business in the State of Texas and throughout the United States.  Upon information and belief, Defendant DSW Inc., in approximately 2019, by Resolution Adopted by the Board of Directors, amended its Articles of Incorporation to change the name of the corporation to Designer Brands Inc. However, in the State of Texas, Defendant DSW Inc. conducts business under the name DSW Inc. as well as its assumed name and/or d/b/a DSW Shoe, Inc.  Defendant DSW Inc. owns, maintains, controls, possesses, and operates 47 stores in the State of Texas, including 4 in Bexar County, Texas.  Upon information and belief, Defendant DSW Inc. owns, maintains, controls, possesses, and operates more than 500 stores across the United States. Defendant DSW Inc. conducts substantial business in the State of Texas and Defendant DSW Inc.'s business in the State of Texas gave rise to the incident made the basis of this lawsuit.  Defendant DSW Inc. entered into contracts and/or agreements with Texas residents, employs Texas residents, and Defendant DSW Inc. through its agents, servants, or employees committed torts in the State of Texas.  Defendant DSW Inc. recruited and continues to recruit Texas residents for employment inside and outside the State of Texas.  Defendant DSW Inc. advertises in Texas, employs individuals that live and/or reside in Texas, conducts substantial business in the State of Texas, and has continuous and systematic contacts in the State of Texas. Defendant DSW Inc. may be served with citation by serving its designated registered agent for service of process in the State of Texas, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service**

---

Plaintiff's Original Petition                                                                 Page **3** of **17**

<span style="color:red">EXHIBIT 1</span>

Copy from re:SearchTX

**Company located at 211 E 7th Street, Suite 620, Austin, Texas 78701.** Service is requested by private process.

5.        Defendant DSW Shoe Warehouse, Inc. is a Foreign-for-Profit corporation duly formed and existing under the laws of the State of Missouri that conducts substantial business in the State of Texas. Defendant DSW Shoe Warehouse, Inc. conducts substantial business in the State of Texas and Defendant DSW Shoe Warehouse, Inc.'s business in the State of Texas gave rise to the incident made the basis of this lawsuit.  Defendant DSW Shoe Warehouse, Inc. entered into contracts and/or agreements with Texas residents, employs Texas residents, and Defendant DSW Shoe Warehouse, Inc. through its agents, servants, or employees committed torts in the State of Texas.  Defendant DSW Shoe Warehouse, Inc. recruited and continues to recruit Texas residents for employment inside and outside the State of Texas.  Defendant DSW Shoe Warehouse, Inc. advertises in Texas, employs individuals that live and/or reside in Texas, conducts substantial business in the State of Texas, and has continuous and systematic contacts in the State of Texas.   The Secretary of State is the agent for service on Defendant DSW Shoe Warehouse, Inc.; Defendant DSW Shoe Warehouse, Inc. engages in business in Texas; Defendant DSW Shoe Warehouse, Inc. does not have a designated agent for services of process in the State of Texas; and this lawsuit arises from Defendant DSW Shoe Warehouse, Inc.'s business and contacts in the State of Texas.  This Defendant is a non-resident corporation of the State of Texas and pursuant to Texas Civil Practices and Remedies Code 17.044 may be cited to appear by serving the citation and a copy of this petition on its agent for services of process, **Texas Secretary of State, at James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701** by private process.  Immediately after being served, the Texas Secretary of State, by properly addressed letter and/or hand-delivery, shall mail, via certified mail return receipt

---

Plaintiff's Original Petition                                                      Page **4** of **17**

Copy from re:SearchTX

EXHIBIT 1

requested, to the non-resident (1) a copy of the process and (2) notice that the process has been served on the Texas Secretary of State. The notice and a copy of the process must be sent to Defendant DSW Shoe Warehouse, Inc. c/o its registered agent for service of process: CSC-Lawyers Incorporating Service Company located at 221 Bolivar Street Jefferson City, Missouri 65101 by certified mail return receipt requested.

**III.**
**VENUE AND JURISDICTION**

6.      Venue is proper in Bexar County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practices & Remedies Code because Bexar County is the County in which all or a substantial part of the events or omissions giving rise to the claim occurred.   Further, pursuant to Texas Civil Practice and Remedies Code Section 15.005, in a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

7.      The Court has subject-matter jurisdiction in this case because the amount in controversy, exclusive of interests and costs, is within the jurisdictional limits of this Court as Plaintiff Barbara Bustos-Abramson, in compliance with Texas Rule of Civil Procedure 47, states she seeks monetary relief over $250,000 but not more than $1,000,000.  However, the amount of actual damages awarded should be subject to the evaluation of the evidence by a fair and impartial jury.

8.      The Court has personal jurisdiction over each of the Defendants because each have continuous and systematic contacts in Texas, each Defendant is essentially located at home in the State of Texas and is a Texas resident.  Defendants direct, control and coordinate the business and activities in the State of Texas.  Defendants each have sufficient contacts with

EXHIBIT 1

Copy from re:SearchTX

Texas, both in general, and with respect to this specific incident, and Plaintiff's claims relate to or arise out of those contacts that it is proper for the Court to exercise general and/or specific jurisdiction over the Defendants herein.

9.      This Court has personal jurisdiction over Defendant Designer Brands Inc. as Defendant Designer Brands Inc.'s business in and contracts with the State of Texas gave rise to the incident made the basis of this lawsuit.  Defendant Designer Brands Inc. entered into contracts and/or agreements or contracted with Texas residents including to purchase facilities to conduct business operations.  Defendant Designer Brands Inc. through its agents, servants, or employees committed torts in the State of Texas.  Defendant Designer Brands Inc. recruited and continues to recruit Texas residents for employment inside and outside the State of Texas. Defendant Designer Brands Inc. advertises in Texas, employs individuals that live and/or reside in Texas, conducts substantial business in the State of Texas, and has continuous and systematic contacts in the State of Texas.  Defendant Designer Brands Inc. has a long history of contacts with and a relationship with the State of Texas.  Defendant Designer Brands Inc. advertises in the States of Texas, employs individuals that live and/or reside in the State of Texas, and contracts with Texas residents as part of its business and in the furtherance of its business operations. Defendant Designer Brands Inc. has cultivated a market for its services in the State of Texas, including but not limited to by advertising, recruiting, ultimately hiring and/or retaining Texas residents and selling its products throughout the State of Texas. Given its contacts with the State of Texas, Defendant Designer Brands Inc. is essentially at home in the State of Texas and is a Texas resident.  Defendant Designer Brands Inc. contacts with the State of Texas are by its own choice, and are not random, isolated, or fortuitous.  Defendant Designer Brands Inc. deliberately reached out to the States of Texas to exploit the Texas market and to enter into contractual

EXHIBIT 1

Copy from re:SearchTX

relationships with Texas residents centered in Texas and sell its products and goods to Texas citizens and residents, specifically in Bexar County, Texas.  Defendant Designer Brands Inc. has systematically served the Texas market in furthering its business and there is a strong relationship between Defendant Designer Brands Inc., the State of Texas, and the litigation. Defendant Designer Brands Inc. has purposefully availed itself of the privilege of conducting activities within the State of Texas and Plaintiff's claims arise out of or relate to Defendant Designer Brands Inc.'s contacts with the State of Texas.   This lawsuit arises out of or relates to Defendant Designer Brands Inc.'s contacts with the State of Texas.  Defendant Designer Brands Inc. exercises the privilege of conducting activities and business in the State of Texas and thus has enjoyed the benefits and protections of its laws.  Defendant Designer Brands Inc. has fair warning that its activities in the State of Texas may subject it to liability in the State of Texas. Defendant Designer Brands Inc. has continuously and deliberately exploited Texas' market through its contacts and business operations and as such, it must have reasonably anticipated being haled into Texas courts to defend itself.  There is an underlying and strong affiliation between the State of Texas and the underlying controversy including activities by Defendant Designer Brands Inc., that occurred in the State of Texas.  Given Defendant Designer Brands Inc.'s contacts in the State of Texas, the maintenance of the suit in the State of Texas is reasonable and does not offend traditional notions of fair play and substantial justice.

10.     This Court has personal jurisdiction over Defendant DSW Inc. as Defendant DSW Inc.'s business in and contracts with the State of Texas gave rise to the incident made the basis of this lawsuit.  Defendant DSW Inc. entered into contracts and/or agreements or contracted with Texas residents including to purchase facilities to conduct business operations.  Defendant DSW Inc. through its agents, servants, or employees committed torts in the State of Texas.  Defendant

---

EXHIBIT 1

Copy from re:SearchTX

DSW Inc. recruited and continues to recruit Texas residents for employment inside and outside the State of Texas. Defendant DSW Inc. advertises in Texas, employs individuals that live and/or reside in Texas, conducts substantial business in the State of Texas, and has continuous and systematic contacts in the State of Texas. Defendant DSW Inc. has a long history of contacts with and a relationship with the State of Texas. Defendant DSW Inc. advertises in the States of Texas, employs individuals that live and/or reside in the State of Texas, and contracts with Texas residents as part of its business and in the furtherance of its business operations. Defendant DSW Inc. has cultivated a market for its services in the State of Texas, including but not limited to by advertising, recruiting, ultimately hiring and/or retaining Texas residents and selling its products throughout the State of Texas. Given its contacts with the State of Texas, Defendant DSW Inc. is essentially at home in the State of Texas and is a Texas resident. Defendant DSW Inc.'s contacts with the State of Texas are by its own choice, and are not random, isolated, or fortuitous. Defendant DSW Inc. deliberately reached out to the States of Texas to exploit the Texas market and to enter into contractual relationships with Texas residents centered in Texas and sell its products and goods to Texas citizens and residents, specifically in Bexar County. Defendant DSW Inc. has systematically served the Texas market in furthering its business and there is a strong relationship between Defendant DSW Inc., the State of Texas, and the litigation. Defendant DSW Inc. has purposefully availed itself of the privilege of conducting activities within the State of Texas and Plaintiff's claims arise out of or relate to Defendant DSW Inc.'s contacts with the State of Texas. This lawsuit arises out of or relates to Defendant DSW Inc.'s contacts with the State of Texas. Defendant DSW Inc. exercises the privilege of conducting activities and business in the State of Texas and thus has enjoyed the benefits and protections of its laws. Defendant DSW Inc. has fair warning that its activities in the State of

EXHIBIT 1

Copy from re:SearchTX

Texas may subject it to liability in the State of Texas. Defendant DSW Inc. has continuously and deliberately exploited Texas' market through its contacts and business operations and as such, it must have reasonably anticipated being haled into Texas courts to defend itself. There is an underlying and strong affiliation between the State of Texas and the underlying controversy including activities by Defendant DSW Inc., that occurred in the State of Texas. Given Defendant DSW Inc.'s contacts in the State of Texas, the maintenance of the suit in the State of Texas is reasonable and does not offend traditional notions of fair play and substantial justice.

11.     This Court has personal jurisdiction over Defendant DSW Shoe Warehouse, Inc. as Defendant DSW Shoe Warehouse, Inc.'s business in and contracts with the State of Texas gave rise to the incident made the basis of this lawsuit. Defendant DSW Shoe Warehouse, Inc. entered into contracts and/or agreements or contracted with Texas residents including to purchase facilities to conduct business operations. Defendant DSW Shoe Warehouse, Inc. through its agents, servants, or employees committed torts in the State of Texas. Defendant DSW Shoe Warehouse, Inc. recruited and continues to recruit Texas residents for employment inside and outside the State of Texas. Defendant DSW Shoe Warehouse, Inc. advertises in Texas, employs individuals that live and/or reside in Texas, conducts substantial business in the State of Texas, and has continuous and systematic contacts in the State of Texas. Defendant DSW Shoe Warehouse, Inc. has a long history of contacts with and a relationship with the State of Texas. Defendant DSW Shoe Warehouse, Inc. advertises in the States of Texas, employs individuals that live and/or reside in the State of Texas, and contracts with Texas residents as part of its business and in the furtherance of its business operations. Defendant DSW Shoe Warehouse, Inc. has cultivated a market for its services in the State of Texas, including but not limited to by advertising, recruiting, ultimately hiring and/or retaining Texas residents and

---

Plaintiff's Original Petition                                           Page **9** of **17**

Copy from re:SearchTX

EXHIBIT 1

selling its products throughout the State of Texas. Given its contacts with the State of Texas, Defendant DSW Shoe Warehouse, Inc. is essentially at home in the State of Texas and is a resident of the State of Texas.  Defendant DSW Shoe Warehouse, Inc. contacts with the State of Texas are by its own choice, and are not random, isolated, or fortuitous.  Defendant DSW Shoe Warehouse, Inc. deliberately reached out to the States of Texas to exploit the Texas market and to enter into contractual relationships with Texas residents centered in Texas and sell its products and goods to Texas citizens and residents, specifically in Bexar County.  Defendant DSW Shoe Warehouse, Inc. has systematically served the Texas market in furthering its business and there is a strong relationship between Defendant DSW Shoe Warehouse, Inc., the State of Texas, and the litigation.  Defendant DSW Shoe Warehouse, Inc. has purposefully availed itself of the privilege of conducting activities within the State of Texas and Plaintiff's claims arise out of or relate to Defendant DSW Shoe Warehouse, Inc.'s contacts with the State of Texas.   This lawsuit arises out of or relates to Defendant DSW Shoe Warehouse, Inc.'s contacts with the State of Texas.  Defendant DSW Shoe Warehouse, Inc. exercises the privilege of conducting activities and business in the State of Texas and thus has enjoyed the benefits and protections of its laws. Defendant DSW Shoe Warehouse, Inc. has fair warning that its activities in the State of Texas may subject it to liability in the State of Texas. Defendant DSW Shoe Warehouse, Inc. has continuously and deliberately exploited Texas' market through its contacts and business operations and as such, it must have reasonably anticipated being haled into Texas courts to defend itself.  There is an underlying and strong affiliation between the State of Texas and the underlying controversy including activities by Defendant DSW Shoe Warehouse, Inc., that occurred in the State of Texas.  Given Defendant DSW Shoe Warehouse, Inc.'s contacts in the State of Texas, the maintenance of the suit in the State of Texas is reasonable and does not

EXHIBIT 1

Copy from re:SearchTX

offend traditional notions of fair play and substantial justice.

**IV.**
**FACTUAL BACKGROUND**

12.    This lawsuit is necessary as a result of personal physical injuries and damages sustained by Plaintiff Barbara Bustos-Abramson as a result of sustaining a fall that occurred on or about July 10, 2020, at Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc.'s premises located at 23006 North US Highway 281 San Antonio, Texas 78258.

13.    Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc. owned, controlled, possessed, managed, maintained and/or operated the Premises.

14.     At that time of the incident made the basis of this lawsuit, Plaintiff Barbara Bustos-Abramson was an invitee Defendants premises.

15.    On or about July 10, 2020, Plaintiff Barbara Bustos-Abramson, while shopping at Defendants' Premises, sat on a bench, that was located at the end of one of the aisles at Defendants' Premises, and was positioned/maintained by Defendants' at a seating height level.

16.    Defendants maintained other benches at the end of aisles at Defendants' Premises at similar heights to, in similar shapes to, and of similar colors to, the bench Plaintiff sat on when the incident made the basis of this lawsuit occurred.

17.    There were no warning signs present or any other signs of caution warning invitees not to sit on the specific bench Plaintiff sat on at Defendants' Premises at the time of the incident made the basis of this lawsuit.

18.    Plaintiff was not aware of the unreasonably dangerous condition and/or the premises defect.

19.    As Plaintiff sat, she suddenly, and without any warning, violently fell to ground and as a proximate cause, sustained personal physical injuries and damages.

Plaintiff's Original Petition

EXHIBIT 1

Copy from re:SearchTX

20.     Plaintiff's medical treatment and care is on-going.

21.     Defendants' video and/or surveillance cameras located at Defendants' facility captured the incident made the basis of this lawsuit.  Defendants, after the incident made the basis of this lawsuit, downloaded the video footage that captured the incident made the basis of this lawsuit, but refused to produce said video footage without a lawsuit.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS

22.     The aforementioned injuries and damages were proximately and directly caused by the unreasonably dangerous condition that existed upon Defendants' property and/or premises, and which was known, or should have been known, to Defendants.

23.     Defendants had a right to control and a duty to maintain the premises in question. Defendants had a duty to inspect the premises for latent defects and conditions that were observable by reasonable inspection so as to prevent injury to Plaintiff.  Defendants, or their agents, servants, or employees, in the course and scope of employment, created the allegedly dangerous condition and/or failed to maintain the premises in a condition that would have prevented the existence of such a condition. As a result, Defendants actually knew that the unreasonably dangerous condition existed, as the condition existed long enough to give Defendants a reasonable opportunity to discover it.  Defendants failed to use ordinary care in keeping the premises in a reasonably safe condition, and such failure proximately caused the occurrence made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

24.     Defendants should have been actually aware of the unreasonably dangerous condition created at their Premises.  Defendants had a duty to make safe and/or warn Plaintiff that the hidden dangerous condition posed by the bench presented an unreasonable risk of harm. Defendants' failure to use ordinary care in warning of the above-described condition proximately

EXHIBIT 1

Copy from re:SearchTX

caused the occurrence made the basis of this lawsuit and the resulting serious injuries and damages to Plaintiff.

25.     Furthermore, Defendants had actual or constructive knowledge of the unsafe premises condition and such unsafe condition posed an unreasonable risk of harm to the Plaintiff. Defendants failed to exercise reasonable care to reduce, eliminate, and/or warn of the risk, and such failure proximately caused the occurrence made the basis of this lawsuit and the resulting severe injuries and damages to Plaintiff.

26.     Plaintiff was an invitee.  Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc. were owners and/or possessors of the Premises where the incident made the basis of this lawsuit occurred.   The bench Plaintiff sat on constituted an unreasonably dangerous condition and/or unreasonable risk of harm.  Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc. knew, or in the exercise of reasonable care, should have known, that the condition at issue constituted an unreasonably dangerous condition and posed an unreasonable risk of harm to invitees that sat on it.  Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc. despite their actual and/or constructive knowledge failed to warn the Plaintiff and failed to correct the condition. Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc. breached their duty by failing to warn the Plaintiff and/or make the condition safe.  Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it.  The dangerous condition was not open, obvious or known to Plaintiff.  Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc.'s breach of duty was the actual and/or proximate cause of the injuries and damages sustained by Plaintiff.

EXHIBIT 1

Copy from re:SearchTX

27.     Each of the Defendants had a duty to properly and regularly inspect the premises to discover hidden dangers as would be made by a reasonably prudent person in the exercise of ordinary care.  Defendants had a duty to maintain a safe premises including in the areas of the store where invitees would sit. Defendants breached their duty of care by failing to regularly inspect the premises, maintain a safe premises, and failing to warn or make safe the unreasonably dangerous condition and said breach of duties proximately caused the incident made the basis of this lawsuit and the resulting damages.  Defendants' negligent actions and/or omissions include but are not limited to:

a) Failing to use ordinary care in keeping the premises in a reasonably safe condition;
b) Failing to properly inspect the area where the incident made the basis of this lawsuit occurred to identify unreasonably dangerous conditions and defects that existed within that area of the store in which Plaintiff was injured;
c) Failing to correct the unreasonably dangerous conditions and defects that existed within that area of the store in which Plaintiff was injured;
d) Failing to warn the Plaintiff of the unreasonably dangerous conditions and defects that existed within that area of the store in which Plaintiff was injured;
e) Failing to use proper signage; including but not limited to failure to properly mark the bench with a sign that it was not to be used for sitting given its similar appearance to all other benches;
f) Failing to remedy and/or mitigate the unreasonably dangerous condition;
g) Failing to differentiate between sitting areas and non-sitting areas;
h) Failure to maintain the property as a reasonably prudent possessor and/or owner;
i) Failing to properly train employees regarding inspection and how to identify hazards;
j) Failing to warn persons shopping at the store, such as Plaintiff, of the unreasonably dangerous condition, of which Defendants were aware or should have been aware, that existed at the date and time of the fall that caused Plaintiff's injuries and resulting damages herein; and
k) Other acts and/or omissions constituting negligence.

28.     Each of the foregoing negligent acts and omissions, whether taken singularly or in combination, were negligent and were a proximate cause of Plaintiff's injuries and damages that are described below.

EXHIBIT 1

Copy from re:SearchTX

## VI.
## __PLAINTIFF'S DAMAGES__

29.     Plaintiff Barbara Bustos-Abramson is entitled to monetary compensation for damages in an amount within the jurisdictional limits of this Court, as set out further below, and which the jury or trier of fact, deems just and fair based upon the evidence, including, but not limited to, the following that have occurred in the past and that, in all reasonable probability, will be sustained in the future:

a.  Reasonable medical care and expenses sustained by Plaintiff in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and are usual and customary for such services;

b.  Reasonable and necessary medical care and expenses sustained by Plaintiff which, in all reasonable probability, will be incurred in the future;

c.  Physical pain and mental anguish sustained by Plaintiff in the past;

d.  Physical pain and mental anguish, which, in all reasonable probability, will be sustained by Plaintiff in the future;

e.  Physical impairment sustained by Plaintiff in the past;

f.  Physical impairment that, in reasonable probability, will be sustained by Plaintiff in the future;

g.  Disfigurement sustained by Plaintiff in the past;

h.  Disfigurement, which, in all reasonable probability, will be sustained by Plaintiff in the future;

i.  Loss of earning capacity by Plaintiff in the past; and

j.  Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

30.     All these damages are within the jurisdictional limits of this Court, and Plaintiff Barbara Bustos-Abramson would ask that a fair, reasonable, and impartial jury assess the amount

---

Plaintiff's Original Petition                                                                    Page **15** of **17**

<span style="color:red">EXHIBIT 1</span>

Copy from re:SearchTX

of damages in this case. Plaintiff would further show that they are entitled to recover interest for all elements of damages recovered for which the law provides for prejudgment interest, beginning (1) on either the 180th day after the particular Defendants received written notice of claim from Plaintiff, or (2) the day that suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered, at the prejudgment interest rate governed by V.T.C.A. Finance Code §304.102, *et. seq.* Plaintiff is also entitled to post-judgment interest at the lawful rate. Plaintiff Barbara Bustos-Abramson is also entitled to post-judgment interest at the lawful rate.

**VII.**
**JURY DEMAND**

31.     Plaintiff Barbara Bustos-Abramson demands a trial by jury and will tender the appropriate jury fee.

**VIII.**
**CONDITIONS PRECEDENT**

32.     Pursuant to TEX. R. CIV. P. 54, Plaintiff **BARBARA BUSTOS-ABRAMSON** avers that all conditions precedent have been performed or have occurred, and that every notice required by law to be given has been properly and timely given.

**IX.**
**RULE 193.7 NOTICE**

33.     Pursuant to TEX. R. CIV. P. 193.7, Plaintiff Barbara Bustos-Abramson gives notice of her intent to use, at trial and/or hearing, any and all documents produced by the Defendants in this case.

EXHIBIT 1

Copy from re:SearchTX

## X.
## REQUESTS FOR INITIAL DISCLOSURE

34.     Plaintiff requests that each Defendant disclose the information and material described in Rule 194.2(b)(1)-(12) of the Texas Rules of Civil Procedure within the time period set out under the Rule.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited and required to appear and answer herein according to the law, and that upon final hearing, Plaintiff receives judgment from Defendants Designer Brands Inc., DSW Inc., and DSW Shoe Warehouse, Inc., for the damages hereinabove set out, for costs of suit from date of filing, for pre-judgment interest, for interest from the date of judgment, and for such other and further relief to which Plaintiff may show herself justly entitled and will forever pray.

Respectfully submitted,

***TINSMAN & SCIANO, INC.***

BY:   */s/Aaron Valadez*
   DANIEL J. T. SCIANO
   State Bar No. 17881200
   Email: dsciano@tsslawyers.com
   AARON VALADEZ
   State Bar No. 24086676
   Email: avaladez@tsslawyers.com
   10107 McAllister Freeway
   San Antonio, Texas 78216
   Telephone: (210) 225-3121
   Facsimile: (210) 225-6235
   **ATTORNEY FOR PLAINTIFF**

EXHIBIT 1

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Norma Botello on behalf of Aaron Valadez
Bar No. 24086676
nbotello@tsslawyers.com
Envelope ID: 65984889
Status as of 7/1/2022 4:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Aaron Valadez | | avaladez@tsslawyers.com | 7/1/2022 3:44:42 PM | SENT |
| Norma Botello | | nbotello@tsslawyers.com | 7/1/2022 3:44:42 PM | SENT |

Copy from re:SearchTX

EXHIBIT 1

FILED
7/5/2022 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jason Pastrano
Bexar County - 166th District Court

Cause Number: _____

District Court : _____



# MARY ANGIE GARCIA
## Bexar County District Clerk

3 cit pps / sac 3

## <u>Request for Process</u>

Style: _____ Vs. _____

**Request the following process:** (Please check all that Apply)

☐ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**2.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**Title of Document/Pleading to be Attached to Process:** _____
_____

**Name of Attorney/Pro se:** _____ **Bar Number:** _____
**Address:** _____ **Phone Number:** _____

_____ **Attorney for Plaintiff** _____ **Defendant** _____ **Other** _____

****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****

EXHIBIT 2

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Norma Botello on behalf of Aaron Valadez
Bar No. 24086676
nbotello@tsslawyers.com
Envelope ID: 65994370
Status as of 7/5/2022 11:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Norma Botello | | nbotello@tsslawyers.com | 7/2/2022 11:07:35 AM | SENT |
| Aaron Valadez | | avaladez@tsslawyers.com | 7/2/2022 11:07:35 AM | SENT |

EXHIBIT 2

Copy from re:SearchTX

**FILED**
8/9/2022 2:36 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 166th District Court

Case 5:22-cv-00980-FB    Document 1-1    Filed 09/08/22    Page 22 of 34

PRIVATE PROCESS

**Case Number: 2022CI12419**

Barbara Bustos Abramson VS Designers Brand, Inc. ET AL

(Note: Attached Document May Contain Additional Litigants)

IN THE **166TH DISTRICT COURT**

BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   **Designers Brand, Inc.**
**BY SERVING THE Texas Secretary of State**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **Plaintiff's Original Petition** was filed **on this the 1st day of July, 2022.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 6th day of July, 2022.**

**AARON VALADEZ**
**ATTORNEY FOR PLAINTIFF**
**10107 MCALLISTER FWY**
**SAN ANTONIO TX 78216-4648**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
By: /s/ Luis Herrera
Luis Herrera, Deputy

---

**BARBARA BUSTOS ABRAMSON VS DESIGNERS BRAND, INC. ET AL**

Case Number: 2022CI12419

166th District Court

### Officer's Return

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached **PLAINTIFF'S ORIGINAL PETITION** the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20_____ at _____ o'clock _____ M. at _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: ___~~AFFIDAVIT~~_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS ___~~ATTACHED~~_____

**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

**EXHIBIT 3**

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Bexar** | **166th Judicial District Court** |

Case Number: 2022CI12419

Plaintiff:
**Barbara Bustos-Abramson**

vs.

Defendant:
**Designer Brands, Inc., DSW, Inc., and DSW Shoe Warehouse, Inc.**

For:
Tinsman & Sciano
10107 McAllister Freeway
San Antonio, TX 78216

Received by Mike Techow on the 7th day of July, 2022 at 2:16 pm to be served on **Designers Brand, Inc. by serving the Texas Secretary of State, 1019 Brazos, Austin, Travis County, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **7th day of July, 2022** at **3:20 pm, I:**

delivered to a **CORPORATION BY AND THROUGH ITS REGISTERED AGENT**, by delivering a true copy of the **Two Copies of Citation and Plaintiff's Original Petition with $55.00 Texas Secretary of State Fee** with the date of service endorsed thereon by me, to: **Venita Moss, The Texas Secretary of State** as **Authorized Agent** at the address of: **1019 Brazos, Austin, Travis County, TX 78701** on behalf of **Designers Brand, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

My name is Mike Techow. My date of birth is 6/26/1972. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on July 8th, 2022 by Mike Techow, declarant.

Subscribed and Sworn to before me on the 8th day
of July, 2022 by the affiant who is personally known
to me.

NOTARY PUBLIC

SUZI DICKERSON
Notary Public, State of Texas
Comm. Expires 04-04-2023
Notary ID 131960911

**Mike Techow**
PSC-1215, Exp. 7/31/2024

**Hill Country Litigation Services**
**2939 Mossrock**
**Suite 280**
**San Antonio, TX 78230**
**(210) 422-5249**

Our Job Serial Number: MST-2022006313
Ref: Bustos-Abramson v. Designer Brands et al

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

EXHIBIT 3

Copy from re:SearchTX

FILED
8/9/2022 2:36 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 166th District Court

Case 5:22-cv-00980-FB   Document 1-1   Filed 09/08/22   Page 24 of 34

PRIVATE PROCESS

**Case Number:  2022CI12419**

Barbara Bustos Abramson VS Designers Brand, Inc.
ET AL
(Note: Attached Document May Contain Additional
Litigants)

IN THE **166TH DISTRICT COURT**

BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:     **DSW Shoe Warehouse, Inc.**
                 **BY SERVING THE Texas Secretary of State**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **Plaintiff's Original Petition**  was filed **on this the 1st day of July, 2022.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT  **on this the 6th day of July, 2022.**

**AARON VALADEZ**
**ATTORNEY FOR PLAINTIFF**
**10107 MCALLISTER FWY**
**SAN ANTONIO TX  78216-4648**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
By: /s/ Luis Herrera
 Luis Herrera, Deputy

---

**BARBARA BUSTOS ABRAMSON VS DESIGNERS BRAND, INC.**
**ET AL**

Case Number: 2022CI12419

166th District Court

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached **PLAINTIFF'S ORIGINAL PETITION** the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20_____ at _____ o'clock _____ M. at _____ or ( ) not executed because _____.
Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: ~~AFFIDAVIT~~ _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

~~ATTACHED~~
**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

EXHIBIT 4

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

**State of Texas**                                **County of Bexar**                                **166th Judicial District Court**

Case Number: 2022CI12419

Plaintiff:
**Barbara Bustos-Abramson**

vs.

Defendant:
**Designer Brands, Inc., DSW, Inc., and DSW Shoe Warehouse, Inc.**

For:
Tinsman & Sciano
10107 McAllister Freeway
San Antonio, TX 78216

Received by Mike Techow on the 7th day of July, 2022 at 2:16 pm to be served on **DSW Shoe Warehouse, Inc. by serving the Texas Secretary of State, 1019 Brazos, Austin, Travis County, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **7th day of July, 2022** at **3:20 pm, I:**

delivered to a **CORPORATION BY AND THROUGH ITS REGISTERED AGENT**, by delivering a true copy of the **Two Copies of Citation and Plaintiff's Original Petition with $55.00 Texas Secretary of State Fee** with the date of service endorsed thereon by me, to: **Venita Moss, The Texas Secretary of State** as **Authorized Agent** at the address of: **1019 Brazos, Austin, Travis County, TX 78701** on behalf of **DSW Shoe Warehouse, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

My name is Mike Techow. My date of birth is 6/26/1972. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on July 8th, 2022 by Mike Techow, declarant.

Subscribed and Sworn to before me on the 8th day
of July, 2022 by the affiant who is personally known
to me.

NOTARY PUBLIC

SUZI DICKERSON
Notary Public, State of Texas
Comm. Expires 04-04-2023
Notary ID 131960911

**Mike Techow**
PSC-1215, Exp. 7/31/2024

**Hill Country Litigation Services**
**2939 Mossrock**
**Suite 280**
**San Antonio, TX 78230**
**(210) 422-5249**

Our Job Serial Number: MST-2022006315
Ref: Bustos-Abramson v. Designer Brands et al

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

EXHIBIT 4

Copy from re:SearchTX

FILED
8/11/2022 4:18 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 166th District Court

Case 5:22-cv-00980-FB    Document 1-1    Filed 09/08/22    Page 26 of 34

### CAUSE NO. 2022CI12419

| | | |
|---|---|---|
| **BARBARA BUSTOS-ABRAMSON** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **DESIGNER BRANDS, INC., DSW INC., AND** | § | |
| **DSW SHOE WAREHOUSE, INC.** | § | |
| *Defendants* | § | **166ᵀᴴ JUDICIAL DISTRICT** |

### DEFENDANT DESIGNER BRANDS, INC. DSW INC., AND DSW SHOE WAREHOUSE, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, **Designer Brands, Inc.**, **DSW Inc.**, and **DSW Shoe Warehouse, Inc.** (hereafter "Defendants") and file this Original Answer to Plaintiff's Original Petition and would respectfully show the following:

### I.
### GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendants deny each and every, all and singular, the allegations in the Petition, as well as any other amended or supplemental petition filed thereafter, and demands strict proof thereof.

### II.
### SPECIFIC AND AFFIRMATIVE DEFENSES

2.      Defendants would show that no acts or omissions by Defendants were the proximate cause of Plaintiff's alleged damages.

3.      Pleading further and in the alternative, Plaintiff's claims are barred, in whole or in part, by his negligence and comparative fault.

4.      Pleading further and in the alternative, Plaintiff damages, if any, may have been caused by the acts and omissions of third parties whom Defendants do not control and for whom Defendants are not at law responsible.

Copy from re:SearchTX

**EXHIBIT 5**

5.      Pleading in the alternative, the incident was the result of a sudden emergency that Defendants did not create and for which Defendants are not responsible.

6.      Pleading in the alternative, Plaintiff's damages, if any, were pre-existing and not otherwise exacerbated by the incident for which he sues.  Plaintiff is not entitled to recover any damages that were pre-existing or not otherwise exacerbated by the alleged incident.

7.      Pleading further and in the alternative, Defendants assert that Plaintiff's damages, if any, were not caused by Defendants, but were the result of an unavoidable accident.

8.      Pleading further and in the alternative, Defendants would show the incident made the basis of this lawsuit was proximately or solely caused by superseding or intervening causes or by events or circumstances beyond Defendants' right of control and for such events or circumstances for which Defendants are not liable.

9.      Defendants reserve the right to comparative responsibility as provided under Chapter 33 of the Texas Civil Practices and Remedies Code, and requests that the fact finder apportion responsibility for the causes of action asserted in this lawsuit as provided under Chapter 33.

10.      Defendants assert that for any claims for lost wages or loss of earning capacity, Defendants invoke the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

11.      Defendants assert that, pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, any recovery of medical or health care expenses incurred by Plaintiff are limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

12.      Pleading in the alternative, it is Plaintiff's burden to prove that his medical procedures were reasonably related to the incident and that his medical expenses were reasonable and necessary.

EXHIBIT 5

Copy from re:SearchTX

13.     In the event that Plaintiff settles with any alleged potential tortfeasor in this case, Defendants plead all offsets and/or credits allowed under the statutory and common laws of the State of Texas.

### III.

### RULE 193.7 NOTICE

14.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, all parties are hereby placed on notice that any documents produced by any party may be used in evidence during pretrial hearings and at trial.

### IV.
### RESERVATION OF RIGHT TO AMEND

15.     Defendants reserve the right to amend this pleading in accordance with the Texas Rules of Civil Procedure, the agreement of the parties, and/or any scheduling order issued by the Court.

### V.
### REQUEST FOR DISCLOSURE

16.     Under the authority of Texas Rule of Civil Procedure 194, Defendants request that Plaintiff disclose within thirty (30) days of service of this Answer all of the information or material described in Texas Rule of Civil Procedure 194.

### VI.
### JURY DEMAND

17.     Defendants hereby request a jury trial and tender the required fee as required by law, if not already tendered by another party.

### VII.
### CONCLUSION

WHEREFORE, Defendants pray that Plaintiff take nothing by reason of her allegations being made against Defendants; that the Court find that Plaintiff take nothing by her claims and

EXHIBIT 5

Copy from re:SearchTX

causes of action against Defendants; and that Defendants be granted such other relief, whether general or special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:   */s/ Garett Willig*
Garett Willig
State Bar No. 24066297
garett.willig@wilsonelser.com
Eric Gruetzner
State Bar No. 24036690
eric.gruetzner@wilsonelser.com
Zainab Tarique
State Bar No. 24113095
zainab.tarique@wilsonelser.com
909 Fannin, Suite 3300
Houston, Texas 77010
Ph. (713) 353-2000
Fx. (713) 785-7780
**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via facsimile, in accordance with Rule 21a of the Texas Rules of Civil Procedure on August 11, 2022, to the following:

Aaron Valadez
Daniel J.T. Sciano
TINSMAN & SCIANO, INC.
10107 McAllister Freeway
San Antonio, Texas 78216
Telephone: (210) 225-3121
Facsimile: (210) 225-6235
avaladez@tsslawyers.com
dsciano@tsslawyers.com
*Attorneys for Plaintiff*

*/s/ Garett Willig*
Garett Willig

EXHIBIT 5

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Gruetzner on behalf of Eric Lee Gruetzner
Bar No. 24036690
eric.gruetzner@wilsonelser.com
Envelope ID: 67204934
Status as of 8/11/2022 4:52 PM CST
Associated Case Party: Barbara Bustos Abramson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Aaron Valadez | 24086676 | avaladez@tsslawyers.com | 8/11/2022 4:18:38 PM | SENT |
| Daniel J. T. Sciano | 17881200 | dsciano@tsslawyers.com | 8/11/2022 4:18:38 PM | SENT |

EXHIBIT 5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Gruetzner on behalf of Eric Lee Gruetzner
Bar No. 24036690
eric.gruetzner@wilsonelser.com
Envelope ID: 67204934
Status as of 8/11/2022 4:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Norma Botello | | nbotello@tsslawyers.com | 8/11/2022 4:18:38 PM | SENT |
| Aaron Valadez | | avaladez@tsslawyers.com | 8/11/2022 4:18:38 PM | SENT |
| Michelle Cochran | | michelle.cochran@wilsonelser.com | 8/11/2022 4:18:38 PM | SENT |
| Liliana Kuemmel | | liliana.kuemmel@wilsonelser.com | 8/11/2022 4:18:38 PM | SENT |

EXHIBIT 5

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Gruetzner on behalf of Eric Lee Gruetzner
Bar No. 24036690
eric.gruetzner@wilsonelser.com
Envelope ID: 67204934
Status as of 8/11/2022 4:52 PM CST

Associated Case Party: Designers Brand, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eric Lee Gruetzner | 24036690 | eric.gruetzner@wilsonelser.com | 8/11/2022 4:18:38 PM | SENT |
| Zainab Tarique | | zainab.tarique@wilsonesler.com | 8/11/2022 4:18:38 PM | SENT |
| Garett Willig | 24066297 | garett.willig@wilsonelser.com | 8/11/2022 4:18:38 PM | ERROR |

EXHIBIT 5

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Gruetzner on behalf of Eric Lee Gruetzner
Bar No. 24036690
eric.gruetzner@wilsonelser.com
Envelope ID: 67204934
Status as of 8/11/2022 4:52 PM CST

Associated Case Party: DSW Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eric Lee Gruetzner | 24036690 | eric.gruetzner@wilsonelser.com | 8/11/2022 4:18:38 PM | SENT |
| Garett Willig | 24066297 | garett.willig@wilsonelser.com | 8/11/2022 4:18:38 PM | ERROR |
| Zainab Tarique | | zainab.tarique@wilsonesler.com | 8/11/2022 4:18:38 PM | SENT |

EXHIBIT 5

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Gruetzner on behalf of Eric Lee Gruetzner
Bar No. 24036690
eric.gruetzner@wilsonelser.com
Envelope ID: 67204934
Status as of 8/11/2022 4:52 PM CST

Associated Case Party: DSW Shoe Warehouse, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eric Lee Gruetzner | 24036690 | eric.gruetzner@wilsonelser.com | 8/11/2022 4:18:38 PM | SENT |
| Zainab Tarique | | zainab.tarique@wilsonesler.com | 8/11/2022 4:18:38 PM | SENT |
| Garett Willig | 24066297 | garett.willig@wilsonelser.com | 8/11/2022 4:18:38 PM | ERROR |

EXHIBIT 5

Copy from re:SearchTX